UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TIMMY L. SUMPTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:10CV1196  HEA |
| | ) | |
| DAN BULLOCK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the application of Timmy L. Sumpter for leave to commence this action without payment of the required filing fee. *See* 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

## The complaint

Plaintiff, a resident at the Sex Offender Rehabilitation & Treatment Services ("SORTS") facility in Farmington, Missouri, seeks monetary relief in this 42 U.S.C. § 1983 action against defendants Dan Bullock (Sheriff, St. Francois County Sheriff's Department), Jesse Boyer (police officer), Unknown Doctor, Alan Blake (SORTS Director of Operations), Johnathon Rosenboom (SORTS Head Psychologist), and Mary Beth Rowe (SORTS nurse). Plaintiff alleges that on September 18, 2006, he and three other SORTS residents were arrested and detained at the St. Francois County Jail. Plaintiff claims that his confinement violated his constitutional rights in numerous respects.

## Discussion

Plaintiff is suing all defendants in their official capacities. Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." Id. Moreover, to state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations

of plaintiff's constitutional rights.  For these reasons, the complaint fails to state a claim upon which relief can be granted.

Additionally, the Court notes that plaintiff's allegations fail to state a claim or cause of action under § 1983.  Plaintiff's access-to-the court claims are legally frivolous, because plaintiff has not alleged that he suffered actual prejudice to a nonfrivolous legal claim.  Lewis v. Casey, 518 U.S. 343, 349-55 (1996) (right of access to courts requires showing that inmate had nonfrivolous legal claim actually impeded or frustrated).  Plaintiff's claims that he and three others were placed in a small, "unsanitary" holding cell for two days and that plaintiff was given only one blanket and a "half full mattress" simply do not rise to the level of a constitutional violation.  See Hudson v. McMillian, 503 U.S. 1, 8-9 (1992)(to establish objective component of conditions-of-confinement claim, deprivation must be "extreme" and must deny "minimal civilized measure of life's necessities"); Wilson v. Seiter, 501 U.S. 294, 302-03 (1991); Seltzer-Bey v. Delo, 66 F.3d 961, 963-64 (8th Cir. 1995)(for conditions of confinement to violate Eighth Amendment, inmate must show alleged deprivations denied him minimal civilized measure of life's necessities and defendants were deliberately indifferent to excessive risk to his health or safety).

Similarly, plaintiff's claims that he was not given forms on which to file charges against SORTS officers, he was denied free watts calls, and he was referred to as a "sexual predator" do not rise to the level of constitutional violations and fail to state a claim under § 1983.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #5] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #3] and his original motion for leave to proceed in forma pauperis [Doc. #2] are **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

An separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 17th day of August, 2010.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE